UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST BANK & TRUST,<br><br>Plaintiff,<br><br>v.<br><br>COMPLETE COMMUNICATIONS, INC., et al.,<br><br>Defendants. | Case No. C19-1325RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff First Bank & Trust's Motion for Summary Judgment, noted for consideration on November 5, 2021. Dkt. #33. Defendants have not filed a response brief. On December 2, 2021, the Court filed an Order to Show Cause why the Court "should not enter default or grant the pending summary judgment Motion." Dkt. #40. The Court gave Defendants 30 days to respond. No response was filed. Defendants continue to be unrepresented by local counsel in this case, and the record appears to demonstrate they have been unrepresented by any counsel since this case was transferred into this District.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff First Bank & Trust presents certain uncontested facts, supported by documentation, showing that Defendants signed a Purchase and Sale Agreement agreeing to sell accounts receivable to DB Squared, which later sold its rights and interests in the Agreement to Plaintiff. *See* Dkt. #33 at 5–6; Dkts. #36 and #37. Plaintiff contends that it has suffered $92,062.69 in damages as a result of Defendants' breach of the Agreement and under promissory estoppel. *Id.*

First Bank, located in South Dakota, originally sued the Defendants in South Dakota state court in August 2018. Dkt. #1. The Defendants removed the case to the U.S. District Court for South Dakota. *Id.* The Defendants answered and then moved to dismiss for lack of jurisdiction, arguing the court should dismiss the case because the Agreement's forum selection clause stated any claims arising from the Agreement must be litigated in Washington. Dkts. #7 through #10.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

After motion practice and briefing, the South Dakota District Court denied the Defendants' motion to dismiss but construed it as a motion to transfer the case to Washington, which it granted.

Since transfer, the defense has evaporated. By failing to respond to Plaintiff's Summary Judgment Motion, Defendants have failed to make a sufficient showing on an essential element of their case to which they have the burden of proof. *See Celotex, supra*. Plaintiff has convinced the Court that there is no genuine dispute as to material fact. Plaintiff's breach of contract and promissory estoppel claims are valid under Washington law. Accordingly, summary judgment is warranted in favor of Plaintiff on all of its claims. The Court is satisfied that Defendants do not wish to participate in this case further after receiving adequate notice of the instant Motion.

Having considered the briefing and the remainder of the record, the Court finds and ORDERS that Plaintiff First Bank & Trust's Motion for Summary Judgment, Dkt. #33, is GRANTED. The Court directs the clerk to enter judgment for First Bank and against Defendants Complete Communications, Inc., James Conner, and Sarah Conner on the Complaint in the amount of $92,062.69. Plaintiff is free to file separate motions for fees and costs. The Court DIRECTS Plaintiff to serve a copy of this Order on Defendants. This case is CLOSED.

DATED this 25th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3